THE STATE OF OHIO, APPELLANT, *v.* PYLE, APPELLEE.

(No. 69-205—Decided July 9, 1969.)

*Mr. R. K. Wilson,* director of law, and *Mr. Robert A. Pratt,* for appellant.

*Messrs. Swinehart & Goater* and *Mr. Richard A. Goater,* for appellee.

MATTHIAS, J. The question presented is whether the holding of *Miranda* v. *Arizona,* 384 U. S. 436, is applicable in misdemeanor cases.

In *Miranda* v. *Arizona,* 384 U. S. 436, at page 444, Chief Justice Warren, speaking for the majority, summarized the holding, as follows:

"Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has

a right to the presence of an attorney, either retained or appointed. * * * ''

In deciding whether this holding extends to cover those persons accused of misdemeanors, as well as those persons accused of felonies under Ohio Law, we adhere to the accepted principle that any court-made rule of law must be read in relation to the facts which precipitated it.

At page 445 in the opinion in *Miranda,* Chief Justice Warren advises:

''The constitutional issue we decide in each of these cases is the admissibility of statements obtained from a defendant questioned while in custody or otherwise deprived of his freedom of action in any significant way. In each, the defendant was questioned by police officers, detectives, or a prosecuting attorney in a room in which he was cut off from the outside world. In none of these cases was the defendant given a full and effective warning of his rights at the outset of the interrogation process. In all the cases, the questioning elicited oral admissions, and in three of them, signed statements as well which were admitted at their trials. They all thus share salient features —incommunicado interrogation of individuals in a police-dominated atmosphere, resulting in self-incriminating statements without full warnings of constitutional rights. * * * ''

*Miranda* was accompanied by the cases of *Vignera* v. *New York, Westover* v. *United States,* and *California* v. *Stewart.* In *Miranda,* the defendant had been convicted of kidnapping and rape, and received concurrent sentences of 20 to 30 years imprisonment on each count. In *Vignera,* the defendant had been convicted of first degree robbery which resulted in his being adjudged a third-felony offender, and he was sentenced to 30 to 60 years imprisonment. In *Westover,* the defendant had been convicted of two bank robberies and given consecutive 15-year sentences. In *Stewart,* the defendant had been convicted of robbery and first degree murder, and sentenced to death.

Thus, the United States Supreme Court, in *Miranda,* was concerned with the procedures followed by law en-

forcement officers in investigations in felony cases, not with the procedures adhered to by those same authorities in investigations in misdemeanor cases.

It is a fact so well known that judicial notice can be taken that the investigative procedures ordinarily followed with respect to misdemeanors by law enforcement officers differ markedly from the investigative procedures ordinarily followed with respect to felonies. No law enforcement agency possesses the physical facilities, or the manpower, to investigate and interrogate each person suspected of a misdemeanor to the degree and extent accorded each person suspected of a felony. Nor is there usually any necessity for concentrated investigation or interrogation. In the great majority of misdemeanor cases (traffic offenses), the offense has taken place in the presence of the arresting officer. Nearly all interrogation occurs, as in the instant case, at or near the scene of the infraction, not in any coercive atmosphere created by the law enforcement authorities.

At page 481 in the opinion in *Miranda,* Chief Justice Warren continued:

"In announcing these principles, we are not unmindful of the burden which law enforcement officials must bear, often under trying circumstances. We also fully recognize the obligation of all citizens to aid in enforcing the criminal laws. This court, while protecting individual rights, has always given ample latitude to law enforcement agencies in the legitimate exercise of their duties. The limits we have placed on the interrogation process should not constitute an undue interference with a proper system of law enforcement. As we have noted, our decision does not in any way preclude police from carrying out their traditional investigatory functions. * * *"

It is our belief that to place the same restraints upon the interrogation process with respect to those persons accused of misdemeanors as exist with respect to those persons accused of felonies would "constitute an undue interference with a proper system of law enforcement." To extend the *Miranda* ruling to govern the interrogation

process of police officers with respect to thousands of minor infractions of the law which occur daily throughout Ohio would be unwise and impractical. Furthermore, we believe that nothing said in the opinion in *Miranda* requires us to do so.

In Ohio, a misdemeanor or a minor offense is a crime for which a person may not be imprisoned in the penitentiary and may not be imprisoned for more than one year. Sections 1.05 and 1.06, Revised Code. We hold that the ruling in *Miranda* v. *Arizona, supra* (384 U. S. 436), is not applicable to misdemeanors, as they are presently defined in Ohio.*

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., GRAY, O'NEILL, SCHNEIDER and HERBERT, JJ., concur.

DUNCAN, J., dissents.

GRAY, J., of the Fourth Appellate District, sitting for ZIMMERMAN, J. Because of the inability, "by reason of illness," of JUSTICE CHARLES B. ZIMMERMAN "to hear, consider and decide" this cause, JUDGE GRAY of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE ZIMMERMAN, and JUDGE GRAY did so and heard and considered this cause prior to the decease of JUSTICE ZIMMERMAN on June 5, 1969.

TAFT, C. J., concurring. The Supreme Court of the United States has refused to apply some provisions of the

---

*This court recognizes that there are some instances where persons accused of misdemeanors may be subjected to coercive police interrogation methods, and for this reason we consider it important to note that we do not intend for this decision to be interpreted as allowing the use by the state of a coerced confession in *any* criminal case. The question of whether a confession should be excluded because involuntary will still be determined by the trial court. See, *State* v. *Perry,* 14 Ohio St. 2d 256; *State* v. *Wigglesworth,* 18 Ohio St. 2d 171.

Bill of Rights in the federal courts, such as the right to a jury trial, in so-called petty offenses, which it has defined "as those punishable by no more than six months in prison and a $500 fine." *Duncan* v. *Louisiana* (1968), 391 U. S. 145, 161, 20 L. Ed. 2d 491, 88 S. Ct. 1444; Section 1, Title 18, U. S. Code. See also *Cheff* v. v. *Schnackenberg* (1966), 384 U. S. 373, 16 L. Ed. 2d 629, 86 S. Ct. 1523, and *District of Columbia* v. *Clawans* (1937), 300 U. S. 617, 81 L. Ed. 843, 57 S. Ct. 660. It is difficult to perceive why the requirements of *Miranda* should be imposed upon Ohio in this case, where the maximum penalty was a fine of $500 and imprisonment in the county jail or workhouse for six months (Section 4511.99[B], Revised Code).

DUNCAN, J., dissenting. Although the practical result of the application of the rule of *Miranda* v. *Arizona*, 384 U. S. 436, may be an added strain on the physical facilities and manpower of law enforcement agencies, I cannot agree that the rule is inapplicable to misdemeanors. As I understand that case, the Supreme Court of the United States has provided certain procedural safeguards to secure the privilege against self-incrimination, guaranteed by the Fifth Amendment to the United States Constitution. A reading of the *Miranda case* does not reveal facts from which I can conclude that misdemeanors are outside the scope of these procedural safeguards. Contrary to the view of the majority, I believe that, since the *Miranda* decision does not specifically exclude misdemeanors, they are to be included. The fact that a felony was involved in *Miranda,* and the cases which accompanied it does not give rise to an inference that the thrust of that decision goes to felonies only.

It is inconsistent to hold that the *Miranda* warning aspect of the privilege against self-incrimination is not applicable to misdemeanors, while no suggestion is made that the other judicial interpretations concerning the privilege against self-incrimination are not applicable to misdemeanors. A defendant charged with a misdemeanor could never be compelled to take the witness stand, or, if he testi-

fied could he ever be compelled to give an answer incriminating himself, nor could the prosecution comment on such a defendant's failure to testify. The privilege against self-incrimination is not divisible so as to exclude a crime for which a person may be imprisoned for one year or less.

I would affirm.