THE STATE OF OHIO, APPELLEE, *v.* CUPP, APPPPELLANT.

(No. 282—Decided September 4, 1973.)

APPEAL: Court of Appeals for Clinton County.

*Mr. Daniel W. Drake,* prosecuting attorney, for appellee.

*Messrs. Brownfield, Kosydar, Bowen, Bally & Sturtz;* for appellant.

VICTOR, J. The defendant (appellant), Francis S. Cupp, was convicted and duly sentenced for operating a motor vehicle while under the influence of alcohol (R. C. 4511.19).

He asserts that his conviction was erroneous, in that:

1. The prosecutor was permitted to inquire of the defendant, in the jury's presence, whether he had previously been convicted of driving while intoxicated when, in fact, he had never been so convicted.

2. The prosecutor inquired of defendant, in the jury's presence, whether and where the defendant had previously seen the police officer who administered the breathalyzer examination and, further, whether defendant had ever taken a breathalyzer examination before.

3. Statements made by the defendant to the arresting officer were admitted in evidence, notwithstanding that defendant had not been given the Miranda warnings at the time of his arrest.

We overrule all assignments of error and affirm the judgment.

*Assignment of Error No. 1*

The case of *State* v. *Murdock,* 172 Ohio St. 221, specifically authorizes the prosecutor to make inquiry of the defendant, on cross-examination, as to whether he had ever been convicted of any offense "cognizable" by statute.

*Assignment of Error No. 2*

The questions asked of defendant were not prejudicial. Unlike the case of *Wagner* v. *State,* 115 Ohio St. 136, cited by the defendant, the questions propounded on cross-examination were not accusatory in nature. The accused answered that he had seen the officer before, and when he was asked where that was, an objection to the question was sustained as being irrelevant. When defendant was asked whether he had ever taken a breathalyzer test before, an objection was also sustained as being irrelevant.

·At the conclusion of the case, the court charged:

"You must not speculate as to why the court sustained the objection to any question, or what the answer to such question might have been. You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered."

As we said before, the questions, in our judgment, were not prejudicial. Assuming that they were, this charge corrected any error. Furthermore, as to the first of the questions propounded, counsel made no objection thereto. Under the doctrine of *State* v. *Lancaster*, 25 Ohio St. 2d 83, the matter cannot be raised for the first time on appeal.

### Assignment of Error No. 3.

There is no requirement that the *Miranda* warnings be given to one arrested for driving while under the influence of alcohol. *State* v. *Pyle*, 19 Ohio St. 2d 64; *cert. denied.* 396 U. S. 1007.

We find that the defendant was given a fair trial, and that ample evidence was presented for the jury to sustain the conviction.

The judgment is, therefore, affirmed.

*Judgment affirmed.*

·BRENNEMAN, P. J., and HUNSICKER, J., concur.

BRENNEMAN and VICTOR, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District. HUNSICKER, J., retired, assigned to duty pursuant to Section 6(C), Article IV of the Constitution.