THE STATE OF OHIO, APPELLANT, *v.* BUCHHOLZ, APPELLEE.

[Cite as State *v.* Buchholz (1984), 11 Ohio St. 3d 24.]

(No. 83-1072—Decided May 9, 1984.)

*Mr. Gerald E. Gunnoe,* for appellant.
*Ms. Rebecca A. Barthelemy,* for appellee.

CELEBREZZE, C. J. In *Miranda* v. *Arizona* (1966), 384 U.S. 436, 478-479 [36 O.O.2d 237], the United States Supreme Court held:

"* * * [W]hen an individual is taken into custody or otherwise deprived of his freedom * * * in any significant way and is subjected to questioning,

\* \* \* [h]e must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. \* \* \* [U]nless and until such warnings \* \* \* are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him.''

This court in *State* v. *Pyle* (1969), 19 Ohio St. 2d 64 [48 O.O.2d 82], certiorari denied (1970), 396 U.S. 1007, subsequently held at paragraph two of the syllabus:

"The holding of *Miranda* v. *Arizona*, 384 U.S. 436 [36 O.O.2d 237], is not applicable to misdemeanors, as presently defined in Ohio.''

For the reasons hereafter stated, we overrule *State* v. *Pyle*, *supra*, paragraph two of the syllabus.

The rationale for the holding in *Pyle* appears in the opinion at pages 67-68 where it is stated:

"To extend the *Miranda* ruling to govern the interrogation process of police officers with respect to thousands of minor infractions of the law which occur daily throughout Ohio would be unwise and impractical.''

The conspicuous failing of the above reasoning is that the *Miranda* decision was unconcerned with the type of crime being investigated. Rather, in order to determine whether *Miranda* warnings need be given, the attention of the inquiry is directed to whether the individual has been subjected to custodial interrogation. Cases after *Miranda* have explored independently the concepts of "custody" and "interrogation." For instance, in *Rhode Island* v. *Innis* (1980), 446 U.S. 291, 301, the United States Supreme Court held with reference to interrogation as follows:

"\* \* \* [T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.''

Other courts have dealt with the suspect's rights to *Miranda* warnings while in custody. See *Minnesota* v. *Murphy* (1984), 79 L. Ed. 2d 409; *California* v. *Beheler* (1983), 77 L. Ed. 2d 1275; *Oregon* v. *Mathiason* (1977), 429 U.S. 492; *Orozco* v. *Texas* (1969), 394 U.S. 324.[2] As of this writing, on no occasion has the applicability of *Miranda* warnings turned on the severity of the offense being investigated.[3]

---

[2] The state in the case at bar has not raised on appeal the question of whether appellee was subject to custodial interrogation at the time he gave the second statement. In light of the state's argument that *Miranda* is inapplicable solely because appellee was convicted of a misdemeanor, we assume that the state concedes that appellee was in custody and subjected to interrogation.

[3] We acknowledge that the United States Supreme Court has recently granted certiorari and heard arguments in *McCarty* v. *Herdman* (C.A. 6, 1983), 716 F. 2d 361, certiorari granted *sub*

The United States Supreme Court's decision in *Miranda* was designed to safeguard an individual's Fifth Amendment right against compulsory self-incrimination. The Fifth Amendment provides that "[n]o person * * * shall be compelled in any criminal case to be a witness against himself." It is evident that Fifth Amendment protections attach without regard to the severity of the punishment that may be inflicted for the offense. It follows that *Miranda* protections should likewise attach without regard to punishment. To rule otherwise would necessitate a dramatic alteration of the scope of *Miranda's* protection. As long as *Miranda* continues to protect the guarantees of the Fifth Amendment, so should its protection extend to those individuals suspected of minor as well as serious offenses.[4]

The state argues that to require *Miranda* warnings in misdemeanor cases "will stall the information gathering process on crimes that carry minimal penalties." To the extent that the information gathering process will be stalled for the brief time it takes to give the *Miranda* warnings prior to a custodial interrogation, the state's position is correct. Otherwise, the state's argument is completely unpersuasive.

Foremost, it was stated in *Miranda* at 477:

"Our decision is not intended to hamper the traditional function of police officers in investigating crime. * * * General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding."

The merit of *Miranda*, as explained by Justice Blackmun in *Fare* v. *Michael C.* (1979), 442 U.S. 707, 718, is that the protections are neither one-sided nor designed strictly to benefit criminal defendants.

"* * * *Miranda's* holding has the virtue of informing police and prosecutors with specificity as to what they may do in conducting custodial interrogation, and of informing courts under what circumstances statements obtained during such interrogation are not admissible. This gain in specificity, which benefits the accused and State alike, has been thought to outweigh the burdens that the decision in *Miranda* imposes on law enforcement agencies and the courts by requiring the suppression of trustworthy and highly probative evidence even though the confession might be voluntary under traditional Fifth Amendment analysis."

In this state, the difference between felonies and misdemeanors relates solely to the degree of potential punishment. As an illustration, a first degree misdemeanor is punishable by incarceration for a period of up to six months. See R.C. 2929.21. Thus, were we to accept the state's position and uphold

---

*nom. Berkemer* v. *McCarty* (1984), 79 L. Ed. 2d 163. The United States Court of Appeals for the Sixth Circuit in *McCarty, supra,* held that *Miranda* warnings are required in all custodial interrogations notwithstanding that the offense being investigated is a misdemeanor.

[4] The United States Supreme Court has had several recent opportunities to limit *Miranda's* scope, yet has declined to do so. See *Estelle* v. *Smith* (1981), 451 U.S. 454, 467-469, and *Edwards* v. *Arizona* (1981), 451 U.S. 477.

*Pyle,* an individual suspected of committing a first degree misdemeanor and who faces six months' imprisonment may be subjected to custodial interrogation without the benefit of *Miranda* warnings. Such would be an unfortunate, incongruous result and highlights the reason that the second paragraph of the syllabus in *Pyle* should be overruled.

Although today's decision affirms the court of appeals' reversal of appellee's conviction, we do so for a different reason than was taken below. The court of appeals reasoned that appellee was entitled to *Miranda* warnings because, at the time of the custodial interrogation, the police suspected appellee of participation in a felony, even though appellee was only eventually convicted of a misdemeanor. Applying the facts of the instant case, it is obvious that appellee had been implicated in a felony and not strictly a misdemeanor. Nevertheless, under the reasoning of the court of appeals, in order to determine whether *Miranda* warnings should have been given, it will be necessary, as a preliminary matter, to determine whether the crime being investigated was a felony or misdemeanor. Since any given set of facts could give rise to both felony and misdemeanor charges, that determination would seldom be as clear as it is here. As opposed to burdening the lower courts with additional and hazy issues, we feel the much better course is to overrule the holding in *Pyle* and thereby render the classification of the crime being investigated irrelevant to the determination of *Miranda's* applicability.

Accordingly, we overrule *State* v. *Pyle, supra,* paragraph two of the syllabus, and hold that *Miranda* warnings must be given prior to any custodial interrogation regardless of whether the individual is suspected of committing a felony or misdemeanor. Today's decision, however, should in no way be construed as requiring court-appointed counsel for prosecutions in which no term of incarceration may be given as a sentence. The right to counsel contemplated by *Miranda,* which serves to protect an individual's Fifth Amendment right to be free from self-incrimination, is analytically distinct from the Sixth Amendment right to counsel in a criminal prosecution which carries the possibility of incarceration. See *Argersinger* v. *Hamlin* (1972), 407 U.S. 25.

Consequently, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY, LOCHER, C. BROWN and HOFFMAN, JJ., concur.

HOLMES, J., dissents in part and concurs in part.

HOFFMAN, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.

HOLMES, J., dissenting in part and concurring in part. I would not overrule the holding in *State* v. *Pyle* (1969), 19 Ohio St. 2d 64 [48 O.O.2d 82], but

would only modify the syllabus law pronounced therein. *Pyle* held that the warnings set forth in *Miranda* v. *Arizona* (1966), 384 U.S. 436 [36 O.O.2d 237], were not required to be given by police officers in custodial interrogations involving misdemeanor cases in Ohio. This pronouncement applied whether or not the particular misdemeanor with which the suspect was later charged involved a penalty of incarceration. I would modify that ruling so that the syllabus would read: The holding of *Miranda* v. *Arizona,* 384 U.S. 436 [36 O.O.2d 237], is applicable only to felonies and those misdemeanors which provide for a penalty of incarceration.

The majority opinion here would require that *Miranda* warnings be given before *any* custodial interrogations in *any* instance where a person is to be charged with *any* misdemeanor. This requires that *Miranda* warnings be given prior to questioning in all situations where a police officer formally places a person under arrest and takes him into custody, or where the person has otherwise been deprived of his freedom of action in any significant way.

This overly broad application of the holding in *Miranda* would unduly burden the investigation process in a multitude of minor misdemeanor cases where the ultimate penalty would not involve the incarceration of the individual. Accordingly, this court, in *Pyle,* stated at 66-67 that:

"* * * the United States Supreme Court, in *Miranda*, was concerned with the procedures followed by law enforcement officers in investigations in felony cases, not with the procedures adhered to by those same authorities in investigations in misdemeanor cases."

Further, this court stated in *Pyle,* at 67-68, as follows:

"It is our belief that to place the same restraints upon the interrogation process with respect to those persons accused of misdemeanors as exist with respect to those persons accused of felonies would 'constitute an undue interference with a proper system of law enforcement.' To extend the *Miranda* ruling to govern the interrogation process of police officers with respect to thousands of minor infractions of the law which occur daily throughout Ohio would be unwise and impractical. Furthermore, we believe that nothing said in the opinion in *Miranda* requires us to do so."

These statements are equally applicable and viable today. In *Miranda*, the United States Supreme Court was concerned with statements made by a person being interrogated in a matter involving a felony. Other jurisdictions have limited the *Miranda* holding solely to felonies. See *Clay* v. *Riddle* (C.A. 4, 1976), 541 F. 2d 456; *United States* v. *LeQuire* (C.A. 5, 1970), 424 F. 2d 341; *State* v. *Neal* (Mo. 1972), 476 S.W. 2d 547; *Campbell* v. *Superior Court* (1971), 106 Ariz. 542, 479 P. 2d 685; *State* v. *Gabrielson* (Iowa 1971), 192 N.W. 2d 792, certiorari denied (1972), 409 U.S. 912; *New Jersey* v. *Macuk* (1970), 57 N.J. 1, 268 A. 2d 1; *Capler* v. *Greenville* (Miss. 1968), 207 So. 2d 339, certiorari denied (1968), 392 U.S. 941; *State* v. *Angelo* (1967), 251 La. 250, 203 So. 2d 710; Annotation (1970), 31 A.L.R. 3d 565; Annotation (1969), 25 A.L.R. 3d 1076, and cases cited therein.

The only known federal court case that has applied the *Miranda* warning

requirements to all misdemeanors is *McCarty* v. *Herdman* (C.A. 6, 1983), 716 F. 2d 361. In that opinion, two of the judges of the United States Sixth Circuit Court of Appeals interpreted the language of *Miranda* that the Fifth Amendment privilege " 'serves to protect persons in *all settings* in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves' * * * (emphasis added)." Accordingly, the majority required *Miranda* warnings in all misdemeanor cases, including misdemeanor traffic offenses. The majority also stated that their reasoning followed *Argersinger* v. *Hamlin* (1972), 407 U.S. 25, wherein the United States Supreme Court, applying the Sixth Amendment right to legal counsel, held that a person must be afforded legal counsel, if desired, when faced with potential incarceration for a felony or misdemeanor conviction.

Judge Wellford, the dissenting judge in *McCarty, supra,* based his opinion on the overbreadth of the majority's application of *Miranda*. Judge Wellford would only require the warnings be given in those instances of custodial interrogation of persons charged with misdemeanors involving penalties of incarceration. In support of this position, the learned judge aptly points out that *Argersinger, supra,* held that a defendant charged with a misdemeanor, even a traffic offense, must have counsel if he may be sentenced to jail, "but the right to counsel would not apply as a constitutional requirement if an offender were deprived of his automobile license or fined in a misdemeanor proceeding." Applying his rationale to the case before the court which involved a first-degree misdemeanor that is punishable by incarceration up to six months (R.C. 2921.21), Judge Wellford agreed that the *Miranda* warnings were necessary after that offender had been arrested.

I am in agreement with the dissent in *McCarty, supra.* To require *Miranda* warnings in the multitude of misdemeanor charges in Ohio, including traffic violations involving no penalty of incarceration, would unduly hamper and delay the handling of these relatively minor infractions of the law. It is anticipated that significant numbers of those being interrogated for these minor offenses will now request legal counsel solely, or mainly, for the purpose of delaying the processing of the matter. Although I firmly support the Fifth Amendment right of an individual not to be required to give testimony against himself, and also support the individual's Sixth Amendment right to legal counsel, I do not believe the Supreme Court of the United States has by any prior pronouncement, including the holding in *Miranda*, mandated the states to provide the breadth of warnings as would be required by the majority here.

In the instant case, the defendant had undergone custodial interrogation for both a felony and a misdemeanor. He was convicted of only the latter. In applying *State* v. *Pyle,* the court of appeals held that the *Miranda* warnings were not necessary in the custodial interrogation of the misdemeanor, but were required for the interrogation concerning the felony offense.

The misdemeanor involved here was falsification, a violation of R.C. 2921.13, which is a misdemeanor of the first degree that involves a penalty of

incarceration up to six months. In that the defendant could be incarcerated for this crime, my position would require that *Miranda* warnings be given to him. Since such warnings were not given to the defendant, the ruling of the trial court should have been reversed on that basis.

Therefore, although for other reasons than stated by the majority here and the court of appeals, I concur that the judgment of the court of appeals should be affirmed; but I dissent from the syllabus and that part of the opinion that would totally overrule *State* v. *Pyle,* and apply *Miranda* to all misdemeanors.