THE STATE OF OHIO, APPELLEE, *v.* ROLLYSON, APPELLANT.

(No. 11696—Decided October 31, 1984.)

*Gary M. Rosen,* city prosecutor, for appellee.

*James L. Burdon,* for appellant.

MAHONEY, P.J. Defendant Gloria Rollyson appeals her conviction for driving while intoxicated in violation of R.C. 4511.19. We reverse and remand.

On March 3, 1984, Patrolman Steen of the Ohio State Highway Patrol observed defendant-appellant, Gloria J. Rollyson, driving an automobile east on Krumroy Road in Springfield Township, Ohio. Rollyson's car was weaving in and out of its lane, causing Steen to suspect that Rollyson was under the influence of alcohol. After stopping Rollyson and confirming his suspicions via field sobriety tests, Steen arrested her and took her to the Springfield Township Police Department.

While at the police station, Rollyson was permitted to contact her attorney. After speaking to her lawyer on the telephone, she refused to take either a breathalyzer or a urine test stating that, if she took the test, it would prove her guilty. However, she did fill out an Alcohol Influence Report.

At no time was Rollyson ever given *Miranda* warnings. She was charged with driving while intoxicated (R.C. 4511.19) and "marked lanes" (R.C. 4511.33).

The trial court overruled Rollyson's motion to suppress any statements made after her arrest on the roadway and while in custody at the police station. She then entered a no contest plea. The trial court merged the marked lanes charge with the driving while intoxicated charge, accepted the plea and found Rollyson guilty. She was sentenced to serve one hundred and eighty days in jail with one hundred fifty days suspended and to pay a $550 fine. Her driving privileges were suspended for two years.

### Assignment of Error

"The trial [*sic*] erred in denying defendant's motion to suppress."

Rollyson seeks to suppress three types of statements. The first statement or statements concern her refusal to take the test because it would prove her guilty of driving while under the influence of alcohol. Statements refusing to take the breath and/or urine tests are not protected by the privilege against self-incrimination and, thus, are admissible. *South Dakota* v. *Neville* (1983), 459 U.S. 553.

The second type involves laments to the effect that she would lose her house and wanted to kill herself. These statements were volunteered and were not responses to any questions posed by the police. As such, they are admissible.

The third type of statement consists of Rollyson's answers to questions posed on the Alcohol Influence Report.

"*Miranda* warnings must be given prior to any custodial interrogation regardless of whether the individual is suspected of committing a felony or misdemeanor. (*State* v. *Pyle,* 19 Ohio St. 2d 64 [48 O.O. 2d 82], paragraph two of the syllabus, overruled.)" *State* v. *Buchholz* (1984), 11 Ohio St. 3d 24, syllabus.

See, also, *Berkemer* v. *McCarty* (1984), ___ U.S. ___, 82 L.Ed. 2d 317.

Patrolman Steen admits that he did not advise Rollyson of her rights under *Miranda* v. *Arizona* (1966), 384 U.S. 436 [36 O.O.2d 237]. However, the state contends that, because Steen told her that she did not have to complete the report, her answers were voluntary. We do not agree.

*Miranda* requires that an individual be warned prior to any questioning that he has the right to remain silent; that anything he says may be used against him in a court of law; that he has the right to the presence of an attorney; and that if he cannot afford an attorney one will be appointed for him. Although Rollyson was told that she could refuse to answer the questions on the Alcohol Influence Report, she was not informed that her answers could be used against

338

her in court. Nor was she informed that her attorney could be present during the questioning process. Under these circumstances, we cannot say that Rollyson knowingly waived her rights and answered the questions voluntarily.

We affirm the trial court's ruling concerning the statements refusing the breath and urine tests. We sustain that part of appellant's assignment of error concerning the answers to the Alcohol Influence Report. The judgment of conviction is vacated and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment vacated
and cause remanded.*

GEORGE and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Ninth Appellate District.