The STATE of Ohio, Appellant,

v.

TORRES, Appellee.

[Cite as *State v. Torres* (1990), 67 Ohio App.3d 268.]

Court of Appeals of Ohio,
Wood County.

No. WD-89-37.

Decided April 6, 1990.

*Alan R. Mayberry*, Prosecuting Attorney, and *Gary D. Bishop*, Assistant Prosecuting Attorney, for appellant.

*Jack J. Brady*, for appellee.

ABOOD, Judge.

This is an appeal from the judgment of the Wood County Court of Common Pleas which granted defendant-appellee Richard Torres' motion to suppress. Appellant, state of Ohio, has appealed setting forth the following assignment of error:

"The court incorrectly granted appellee's motion to suppress."

The facts which are relevant to this appeal are as follows. On January 6, 1989, appellee was interviewed at the Wood County Department of Human Services by Rhonda Jackson, a representative of that department, and John Helm, an investigator for the Wood County Prosecutor's Office, concerning allegations that he had had sexual contact with Lisa Jones, a minor. On March 16, 1989, appellee was indicted by the Wood County Grand Jury on one charge of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree. Appellee was arraigned on March 27, 1989, at which time he entered a not guilty plea and a trial was set for May 25, 1989. At the beginning of the trial, appellee moved to suppress the statements made by him to Jackson and Helm at the January 6, 1989 interview which he claimed were not voluntarily or intelligently given and were illegally obtained in violation of the United States Constitution. The testimony of investigator Helm was then taken outside of the presence of the jury. Helm testified that Jackson had contacted Torres and set up the interview at the Department of

Human Services on January 6, 1989, and that at the interview there were no uniforms, badges, or weapons displayed. Helm testified further that no threats or promises of leniency were made nor were there any actions that would have caused a reasonable person to believe that he was placed under arrest or was not free to leave. Helm testified that he did not advise appellee of his rights, since it was not a custodial interview, but that he did tell appellee that he was not obligated to speak to them. Finally, Helm testified that he did inform appellee that allegations had been made that he had had sexual contact with a minor.

At the conclusion of the testimony, the trial court found that Helm had been acting as an arm of the prosecutor's office, that Helm had intended to use appellee's statements either for or against him in a criminal action and that the statements should be suppressed. On June 2, 1989, the trial court filed its judgment entry in which it stated that there was no doubt that, prior to the interview, the allegations against appellee had been investigated by the Department of Human Services, which then contacted the prosecutor's office to be present at the interview on the possibility that appellee might be charged with some criminal act. The trial court determined that at the time he was called in for the interview the entire focus of the investigation was on appellee and he was subject to possible indictment and, therefore, he should have been advised of his *Miranda* rights. The trial court ordered the statements made by defendant at the interview suppressed.

It is from this decision that appellant brings this appeal.

In its sole assignment of error, appellant asserts that the trial court incorrectly granted appellee's motion to suppress. Appellant argues that, prior to the interview, appellee was advised of the allegations made against him and that he was not obligated to speak to them. Appellant argues further that appellee's statements were voluntarily, willingly and knowingly made, that they were not the product of duress and that appellee had not been advised of his *Miranda* rights because it was not a custodial interview.

In *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the United States Supreme Court recognized that " * * * without proper safeguards the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely. In order to combat these pressures and to permit a full opportunity to exercise the privilege against self-incrimination, the accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored."

The *Miranda* court held therefore that:

"The prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates use of procedural safeguards effective to secure the privilege against self-incrimination. *By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.*" (Emphasis added.) *Id.* at 444, 86 S.Ct. at 1612, 16 L.Ed.2d at 707.

The determination of whether one is "in custody" or otherwise significantly "deprived of his freedom" for the purposes of *Miranda* protection is dependent upon the circumstances of each individual case. See *Berkemer v. McCarty* (1984), 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317; *State v. Warrell* (1987), 41 Ohio App.3d 286, 534 N.E.2d 1237. In making this determination the courts have considered certain factors to be relevant, including the length of the detention, the perception and expectation of the detainee as to his freedom to leave at the conclusion of the interrogation, the atmosphere of the questioning, and whether the interview is in a public or private place. *Berkemer, supra; Warrell, supra.* The *Berkemer* court stated that in making the determination of whether a suspect is "in custody" the interrogator's "unarticulated plan" has no bearing on the determination; rather, the only relevant inquiry is how a reasonable man in the detainee's position would have understood the situation. *Id.* at 442, 104 S.Ct. at 3151, 82 L.Ed.2d at 336.

In reviewing a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of the witnesses is the function of the trial court. *State v. DePew* (1988), 38 Ohio St.3d 275, 528 N.E.2d 542; *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. In this case, the record reveals that on January 26, 1989, appellee was taken to a private room at the Department of Human Services by a representative of that department and Helm, an investigator for the prosecutor who was clearly, for these purposes, acting as an arm of the police department. The atmosphere was definitely "police" dominated. Under these circumstances, a reasonable man could certainly feel that he was at the mercy of his interrogators, that he could not walk away freely at the conclusion of the interview and that he had been significantly deprived of his freedom.

In light of the foregoing, we find that the record contains ample evidence to support the trial court's determination that appellee was "in custody" for the purpose of *Miranda* and, therefore, was entitled to be informed of his constitutional rights as set forth therein. *DePew, supra.* Accordingly, appellant's sole assignment of error is found not well taken.

On consideration whereof, this court finds that the judgment of the Wood County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.