OPINION
Defendant-appellant, Denver G. Sturgill ("the appellant"), appeals from a judgment of conviction of the Auglaize County Municipal Court on one count of speeding in violation of R.C. 4511.21(D)(3).
The pertinent facts and procedural history are as follows. On August 30, 2001, the appellant, a truck driver, was traveling westbound on US33, a two lane state highway in eastern Auglaize County. Sgt. Anspach of the Ohio State Highway Patrol was traveling eastbound on US33 using radar in the moving mode. Upon approaching the appellant's vehicle, she determined that the appellant was accelerating from 63 mph to a maximum of 66 mph. Upon being stopped, the appellant protested and claimed to be traveling 59 mph.
A trial was conducted in the Auglaize County Municipal Court on October 23, 2001. On October 25, 2001, the trial court found the appellant guilty and imposed a $35.00 fine and court costs. The appellant now appeals asserting the following three assignments of error.
 ASSIGNMENT OF ERROR NO. I The Trial Court committed reversible error when it failed to have the Appellant waive his right to have counsel represent him at trial in open court.
In his first assignment of error, the appellant contends that the trial court erred when it did not ask the appellant to waive his constitutional right to have counsel represent him at trial.
A person charged with a minor misdemeanor speeding offense does not have the right to appointed counsel.[1] In Scott v. Illinois,[2] the United States Supreme Court stated that:
 * * * actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment * * * and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. * * * We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense.
In the present case, the appellant was charged with a violation of R.C. 4511.21(D)(3) which states:
 No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway if a motor vehicle weighing in excess of eight thousand pounds empty weight or a noncommercial bus as prescribed in (B)(10) of this section, at a speed exceeding fifty-five miles per hour upon a freeway as provided in that division.
The level of offense for a violation of R.C. 4511.21(D)(3) is listed in R.C. 4511.99(D)(1) which provides:
 Whoever violates any provision of sections 4511.01 to 4511.76 of section 4511.84 of the Revised Code, for which no penalty otherwise is provided in this section is guilty of one of the following:
 (a) Except as otherwise provided in division (D)(1)(b), (1)(c), (2), (3), or (4) of this subsection, a minor misdemeanor.
The penalty for a minor misdemeanor is listed in R.C. 2929.21(D) as not more than one hundred dollars.
Because the appellant's offense was not one for which he could have been confined, the trial court was not required to advise him of his right to counsel and his right to waive that right. Therefore, the appellant's first assignment of error is without merit and is overruled.
 ASSIGNMENT OF ERROR NO. II The Trial Court committed reversible error when finding Appellant guilty of speeding which was against the manifest weight of the evidence.
In order for a court of appeals to reverse a trial court's judgment on the basis that the adjudication is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony.[3]
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of the proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."[4]
To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all inferences, consider the credibility of the witnesses, and determine that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[5]
After reviewing the evidence, we cannot state as a matter of law that the trier of fact clearly lost its way and created a manifest miscarriage of justice or that a rational trier of fact could not have found the appellant guilty beyond a reasonable doubt. The appellant's own admission that he was traveling 59 mph and the testimony of Sgt. Anspach each support the conviction. Accordingly, we cannot find that the conviction on one count of speeding is against the manifest weight of the evidence. The appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The Trial Court committed reversible error when it failed to declare a mistrial after indicating in the transcript, page twenty, relevant part, "if we had been actually in a trial with a jury sitting here, if this was the case that entitled you to a jury trial, I would've, if you'd have just made that statement I would've sent the jury home and we would've retried the case all over again."
In his final assignment of error, the appellant asserts that the trial court erred by not declaring a mistrial upon the appellant's revelation of the hardships that the speeding ticket would cause. The state, in contrast, asserts that it did not request a mistrial and waives any error made by the court on the ground that the appellant's conviction vitiates any prejudice to the state.
In State v. Glover,[6] the Supreme Court of Ohio stated the following:
 In evaluating whether declaration of a mistrial was proper in a particular case, this Court has, adopted an approach which grants deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial.
In the present case, a bench trial was held and the trial court was able to decide the matter based upon the facts and the law before the court, not the appellant's emotional appeal. Additionally, the state has indicated that it was not prejudiced by the appellant's statements. Therefore, pursuant to Glover, we defer to the trial court's decision not to declare a mistrial and overrule the appellant's third assignment of error.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] State v. Bucholz (1984), 11 Ohio St.3d 24.
[2] (1979), 440 U.S. 367, 373-374.
[3] State v. Thompkins (1997), 78 Ohio St.3d 380, 389.
[4] Id. at 387 (citations omitted).
[5] State v. Martin (1983), 20 Ohio App.3d 172, 175.
[6] (1988), 35 Ohio St.3d 18, 19 (citations omitted).