{¶ 1} Defendant-appellant David A. Lawson appeals his convictions and sentence entered by the Licking County Court of Common Pleas, following a jury trial. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE AND FACTS[1] {¶ 2} Appellant was indicted on twelve counts of child sexual abuse. Appellant filed a motion to suppress statements he made to law enforcement officers, which motion was overruled. After a jury trial, Appellant was convicted on ten of the twelve counts, including rape, attempted rape and eight counts of gross sexual imposition. Appellant was sentenced to an aggregate term of 30 years in prison.
 {¶ 3} Appellant's STATEMENT OF THE FACTS pertains only to his motion to suppress. Neither Appellant nor Appellee has provided this Court with any statement of facts pertaining to the convictions.
 {¶ 4} Appellant was interviewed by Detectives Slayman and Loper at the Licking County Sheriffs Office concerning the abuse of three pre-teen girls, two of whom are Appellant's step-daughters. Appellant drove himself to the interview and was advised he was not under arrest; he was free to leave; and he did not have to answer questions and could stop answering at any time. Appellant was not told he had a right to counsel nor advised anything he said could be used against him in court. *Page 3 
 {¶ 5} Appellant made incriminating statements during the interview. Detective Slayman decided to arrest Appellant before the interview concluded. When asked to consent to a recording of his statement, Appellant invoked his right to counsel and the interview ended. The entire interview lasted almost three hours and Appellant was arrested immediately after its conclusion.
 {¶ 6} Appellant assigns as error:
 {¶ 7} "I. THE TRIAL COURT PREJUDICIALLY ERRED IN NOT SUPPRESSING THE DEFENDANT-APPELLANT'S STATEMENTS UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 {¶ 8} "II. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 {¶ 9} "III. THE DEFENDANT-APPELLANT WAS DEPRIVED OF HIS RIGHT AGAINST DOUBLE JEOPARDY UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE TRIAL COURT IMPOSED CUMULATIVE/CONSECUTIVE SENTENCES FOR THE SAME OFFENSES INVOLVING THE SAME VICTIMS (INDICTMENT AND FINAL JUDGMENT ENTRY)."
 I {¶ 10} Herein, Appellant argues because he was subjected to the functional equivalent of interrogation and was a suspect before being asked to come to the *Page 4 
Sheriff's office, Appellant was entitled to his full Miranda warnings prior to being interviewed. Appellant's argument is premised upon the assumption his interrogation was custodial. While we do not disagree it was an interrogation, we disagree it was custodial.
 {¶ 11} Appellant relies on State v. Buckholtz (1984),11 Ohio St.3d 24, as support for his argument. We find Appellant's reliance misplaced.
 {¶ 12} In Buckholtz, the Ohio Supreme Court noted the State did not raise the question of whether the defendant therein was in custody. The State's only argument was Miranda did not apply because the defendant was only convicted of a misdemeanor. Id., at pg. 26, FN. 2. The Ohio Supreme Court assumed the State conceded the defendant was in custody. Id. Such is not conceded in the case sub judice.
 {¶ 13} We find upon the facts presented supra, Appellant was not in custody at the time he made the incriminating statements. The fact Appellant was arrested after the interview does not serve to change his non-custodial status at the time the incriminating statements were made into a custodial one.
 {¶ 14} Appellant's first assignment of error is overruled.
 II {¶ 15} Herein. Appellant argues his trial counsel was ineffective for failing to re-object at trial to the admission of Appellant's statements to the detectives because they should have been suppressed. Because we have found in our discussion of Appellant's first assignment of error, supra, the trial court did not err in overruling his motion to suppress, it necessarily follows trial counsel was not ineffective for failing to re-object at *Page 5 
trial to that same evidence. Counsel is not ineffective for failing to object when there is no reasonable basis for success.[2]
 {¶ 16} Appellant's second assignment of error is overruled.
 III {¶ 17} In his final assignment of error, Appellant maintains his constitutional right against double jeopardy was violated by the imposition of cumulative/consecutive sentences for the same offenses involving the same victim. Appellant notes the ten counts upon which he was convicted involved the same offenses (gross sexual imposition, attempted rape and rape) against the same three victims.
 {¶ 18} Specifically, Appellant submits counts 2-6 involve identical charges of gross sexual imposition against the same victim. Appellant contends count 7 (attempted rape) involved the same victim during the same dates as counts 2-6. Appellant asserts counts 9 and 10 involved charges of gross sexual imposition and rape against another victim with the same time duration for both. Finally, Appellant argues count 12 (gross sexual imposition) involved the same victim as count 8, and occurred during the same time frame. Appellant's sole citation to the record in support of his assertions is the indictment filed in this case.[3]
 {¶ 19} We reject Appellant's conclusion all the charges of gross sexual imposition merge merely because they involve the exact same charge. We reject Appellant's conclusion the attempted rape and rape convictions merge merely because attempted *Page 6 
rape is a lesser-included offense of rape. Appellant has failed to cite to the trial record where the evidence establishes the offenses were committed with the same animus, let alone not committed separately. Having failed to affirmatively demonstrate in the record the error of which he complains, we overrule this assignment of error.
 {¶ 20} The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, P.J. Farmer, J. and Delaney, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to Appellant.
[1] We accept the statement of the case and facts as presented by Appellant and adopted by Appellee. See, Appellee's Brief at 1.
[2] We find Appellant's appeal of the trial court's overruling of his motion to suppress preserved the issue for our appellate review.
[3] We find Appellee's conclusory response the charges were separate and distinct acts in terms of events, timeframes, locations and victims of no help in our analysis as Appellee has not given us a factual rendition to support its conclusion nor any reference to where in the record such conclusion finds its support. *Page 1