City of MAUMEE, Appellant,

v.

JOHNSON, Appellee.

[Cite as *Maumeè v. Johnson* (1993), 90 Ohio App.3d 169.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–343.

Decided Sept. 3, 1993.

*John B. Arnsby*, for appellant.

*Mark D. Schnitkey*, for appellee.

*Per Curiam.*

The city of Maumee filed this accelerated appeal after the Maumee Municipal Court granted a motion to suppress filed by appellee, John F. Johnson. Appellee was originally stopped by two officers from the Maumee Police Department for operating his 1981 Pontiac Bonneville over the legal speed limit. After he was stopped, appellee was charged with violating Sections 333.01(a)(1) and 333.01(a)(3) of the Maumee Municipal Code, both of which relate to operating a motor vehicle while under the influence of alcohol. Appellee filed a motion to suppress, alleging that the arresting officers had no reasonable, articulable suspicions for the initial stop, rendering the information obtained subsequent to the stop inadmissible.

A hearing on the motion to suppress was conducted. Both officers involved in the stop and arrest of appellee testified. Both officers stated that they formed an opinion that appellee was speeding after visually observing his car lean when he drove it around a curve in the road. The posted speed limit for that portion of the road was thirty-five miles per hour. Both officers testified that (1) they have made numerous stops of drivers for speeding; (2) they are familiar with how vehicles appear when they are traveling over, under, or in compliance with the thirty-five-mile-per-hour speed limit; (3) they have operated radar on that stretch of road and have made stops for speeding based upon radar readings; (4) they did not use radar and they did not pace clock appellee's car to determine that appellee was speeding; (5) the lean they saw when appellee's car rounded the curve in the road is consistent with the lean observed in the past when vehicles were driven around the curve at a speed higher than thirty-five miles per hour; (6) they made a U-turn and accelerated to sixty-five miles per hour to catch up with appellee's car, since he had been traveling south and they had been traveling north when they originally saw appellee's car and determined that appellee was speeding; (7) they kept visual contact with appellee's car and observed that the brake lights never came on to indicate that he was slowing his rate of speed; (8) after they caught up with appellee's car, they followed him for some distance and appellee's car was not speeding; and (9) appellee stopped his car in a Burger King parking lot after the dome lights on the police cruiser were activated.

At the close of the hearing on the motion to suppress, the trial court announced that the motion would be granted. On October 5, 1992, a judgment entry was filed by the Maumee Municipal Court which stated in pertinent part:

"The court finds that the plaint [*sic*] has utterly failed to produce any reasonable articulable testimony that the defendant's vehicle was speeding. In view of the foregoing, the defendant's motion to suppress evidence is granted. Any evidence adduced by the plaintiff after the stop of the defendant is suppressed."

After the entry of the judgment, the city of Maumee filed this appeal to present one assignment of error for our consideration:

"The trial court erred in granting the defendant-appellee's motion to suppress evidence as Sergeants Brainard and Tullis possessed the requisite reasonable and articulable suspicion to stop the defendant-appellee's vehicle."

█ We begin by noting that the Supreme Court of Ohio has ruled that reviewing courts must keep in mind that it is the function of the trial court to weigh the evidence and to determine the credibility of witnesses when the issue on review is a ruling on a motion to suppress. *State v. DePew* (1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542, 547, certiorari denied (1989), 489 U.S. 1042, 109 S.Ct. 1099, 103 L.Ed.2d 241; *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 58, 437 N.E.2d 583, 584; see, also, *State v. Torres* (1990), 67 Ohio App.3d 268, 586 N.E.2d 1153. This court's function in this case, therefore, is to review the record to determine whether substantial evidence exists to support the trial court's ruling. *State v. Hafner* (Feb. 16, 1990), Wood App. No. WD–88–33, unreported, 1990 WL 12713.

█ The Supreme Court of Ohio, following precedent established by the United States Supreme Court, has ruled that "the detention of an individual by a law enforcement officer must, at the very least, be justified by 'specific and articulable facts' indicating that the detention was reasonable." *State v. Chatton* (1984), 11 Ohio St.3d 59, 61, 11 OBR 250, 251, 463 N.E.2d 1237, 1239, certiorari denied (1984), 469 U.S. 856, 105 S.Ct. 182, 83 L.Ed.2d 116. Furthermore, a court considering whether a police officer properly made an investigatory stop must consider the totality of the circumstances. *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94. Keeping these standards in mind, this court has carefully reviewed the record before us and concludes that there is substantial evidence to support the trial court's ruling that the officers lacked reasonable and articulable suspicion that appellee's vehicle was speeding. Neither officer was able to give a specific estimate of what

rate of speed appellee's vehicle was traveling when the officers first observed appellee's vehicle lean as he drove it through the curve in the road. While each officer testified to his previous experience relating to the determination of the speed at which appellee's vehicle was traveling, there was substantial evidence presented which supports the trial court's conclusion that the belief of the officers that appellee's vehicle was speeding was not reasonable. Included in that evidence was the admission of the officers that there were four adult men traveling as passengers in the twelve-year-old vehicle driven by appellee, leading to the reasonable inference that the car may have leaned because of the condition of the car and because of the weight of its occupants. Also included in the evidence was the admission of the officers that when they caught up with appellee's car and then followed it for several blocks, appellee was not driving over the speed limit. That information, coupled with the admission of the officers that neither observed any brake lights on appellee's car at any time after their initial sighting of the car, supports the trial court's conclusion that the officers' belief that appellee was speeding when first sighted by them was not reasonable. When the events leading up to the stop and eventual arrest of appellee as testified to by the officers are viewed together, this court can only conclude that there was substantial evidence to support the trial court's ruling granting the motion to suppress. Appellant's sole assignment of error is not well taken.

The judgment of the Maumee Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal. As this case was stayed in the Maumee Municipal Court pending completion of this appeal, this case is remanded for further proceedings consistent with this decision.

*Judgment accordingly.*

HANDWORK, ABOOD and MELVIN L. RESNICK, JJ., concur.