DECISION
This is an accelerated appeal brought by the state of Ohio from a decision by the Butler County Area I Court which granted defendant-appellee, Eric Robinson's, motion to suppress evidence.
On February 10, 1997, Oxford Police Officer Lara Fening arrested appellee and charged him with driving while under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(1) and (3) and possession of an open container in violation of Oxford City Code 529.07(b)(5). On February 27, 1997, appellee filed a motion to suppress all evidence regarding his blood alcohol content, Fening's opinion with respect to his sobriety, and any statements made by him. The trial court held a hearing on the motion on March 7, 1997.
At the suppression hearing, Fening testified that at approximately 12:05 a.m. on February 10, 1997, she stopped a vehicle driven by Peggy Gerhardt because the vehicle's license plate was covered with snow. During the stop, Gerhardt informed Fening that she had just left Pedro's Restaurant ("Pedro's"), where she was employed, and that she had noticed a dark colored truck parked in the dimly lit parking lot behind Pedro's. Gerhardt explained to Fening that she was afraid because she "didn't know who was back there."
Based upon the information received from Gerhardt, Fening proceeded to the parking lot behind Pedro's where she observed a dark blue pick-up truck with a male occupant. Fening pulled her vehicle into the parking lot and noticed that the driver's side window was down, the truck's engine was running, and the radio was playing "pretty loud." Fening approached the truck, identified herself, identified appellee as the driver of the truck, and asked appellee his reason for being in the parking lot at that hour in the morning. Appellee's first response to Fening's inquiry as to his purpose for sitting in Pedro's parking lot was that he was listening to the radio. However, upon further inquiry, appellee responded that he was "being smart and not driving home."
During her conversation with appellee, Fening testified that she noticed that appellee's eyes were bloodshot and his speech was extremely slurred. Fening also noticed an odor of alcoholic beverage about appellee's person and "what turned out to be" an empty bottle of beer in the console of the truck near appellee's right hand. Fening then asked appellee to exit the truck and submit to field sobriety tests. Fening performed a horizontal gaze nystagmus test upon appellee and explained and demonstrated several other sobriety tests, including the heel-to-toe walk and turn test and the one-legged stand, which she requested appellee to perform. According to Fening, appellee refused to perform the one-legged stand test and unsuccessfully performed the other requested field sobriety tests. At that point, Fening determined that appellee was intoxicated and placed him under arrest.
On April 18, 1997, the trial court filed an opinion granting appellee's motion to suppress Fening's testimony, finding that Fening "lacked the reasonable suspicion that criminal activity was present" when she arrived at the parking lot behind Pedro's and approached appellee's vehicle. It is from this judgment that the state of Ohio now appeals, setting forth the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEE'S MOTION TO SUPPRESS EVIDENCE.
The state argues that Fening's approach of appellee's vehicle was merely a request for identification and did not amount to a stop or seizure which would require Fourth Amendment protections. The state also argues that information obtained by Fening during her initial encounter with appellee provided her with reasonable articulable suspicion to justify the field testing which, along with the totality of the circumstances, subsequently provided Fening with probable cause to arrest appellee for DUI.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by substantial credible evidence. Maumee v. Johnson (1993), 90 Ohio App.3d 169,171. When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies upon the trial court's ability to assess the credibility of witnesses, and independently determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688,691.
Fourth Amendment guarantees are not implicated in consensual encounters between police officers and citizens. Florida v. Bostick (1991), 501 U.S. 429, 434, 111 S.Ct. 2382, 2386.[1]
This court has held that "[a]n encounter which does not involve physical force or a show of authority is a consensual encounter that does not trigger Fourth Amendment scrutiny; therefore, an officer does not need reasonable suspicion merely to approach an individual in order to make reasonable inquiries of him." State v. Smith (Oct. 16, 1995), Madison App. No. CA95-03-009, unreported, at 3. Consequently, a police officer's request to examine a person's identification is not a seizure for Fourth Amendment purposes. Id. See, also, Bostick at 435,111 S.Ct. at 2386; Warrensville Hts. v. Mollick (1992), 79 Ohio App.3d 494,497. "More pertinently, the mere approach and questioning of persons seated within parked vehicles does not constitute a seizure so as to require reasonable suspicion supported by specific and articulable facts." State v. Johnston (1993),85 Ohio App.3d 475, 478.
Based upon the totality of the circumstances, we find that Fening's initial contact with appellee was a consensual encounter, not a stop or seizure which would implicate Fourth Amendment scrutiny and require reasonable suspicion. Id.; Smith, Madison App. No. CA95-03-009. Appellee's vehicle was parked in a public parking lot behind a restaurant which was closed for business when Fening approached the vehicle. Fening did not stop appellee's vehicle, as it was already parked and stationary. The record indicates that Fening merely requested identification from appellee and inquired as to his purpose for sitting in Pedro's rear parking lot after hours. Given the fact that appellee was parked at night in the parking lot of a business establishment that was no longer open for business, we find that it was reasonable for Fening to approach appellee, request identification, and make inquiries of him. Johnston,85 Ohio App.3d at 478; Smith, Madison App. No. CA95-03-009.
In addition, based upon her observations and information obtained from appellee during the initial consensual encounter, Fening acquired the necessary reasonable suspicion which justified detention of appellee so as to conduct field sobriety tests to determine if appellee was intoxicated. Smith, Madison App. No. CA95-03-009. During her initial conversation with appellee, Fening noticed that appellee had bloodshot eyes, slurred speech, and an odor of alcohol about his person. Appellant also informed Fening that he was sitting in Pedro's parking lot because he was "being smart and not driving home," from which statement the officer could reasonably have inferred that appellant did not want to drive drunk. Moreover, we find that Fening's reasonable suspicion escalated to probable cause to arrest appellee for DUI based upon the totality of the circumstances, including the information obtained by Fening during the initial consensual encounter and appellee's failure to pass certain field sobriety tests. Id.
After carefully reviewing the record, we find that in granting appellee's motion to suppress the trial court failed to apply the appropriate legal standard. See Anderson, 100 Ohio App.3d at 691. Fening's initial encounter with appellee was consensual and did not implicate Fourth Amendment scrutiny. See Bostick,501 U.S. at 434; Johnston, 85 Ohio App.3d at 478; Smith, Madison App. No. CA95-03-009. Accordingly, the state's sole assignment of error is sustained. This matter is reversed and remanded to the trial court for further proceedings consistent with this opinion.
YOUNG, P.J., concurs.
KOEHLER, J., dissents.
[1] Consensual encounters include an officer approaching a person in a public place, engaging the person in conversation, requesting information, examining a person's identification, and requesting to search a person's belongings. Bostick,501 U.S. at 434-435, 111 S.Ct. at 2386.