OPINION
On May 21, 1997 at 9:30 p.m., appellant was picked up at his home by two uniformed police officers and taken to a local police station for questioning concerning the shooting death of a teenage girl, Temar Harris. The shooting had occurred four nights earlier in a local bar. In the midst of a fight between four men, witnesses observed appellant allegedly draw a nine millimeter semi-automatic weapon from his belt and fire over the head of a man on the staircase. The bullets went through the wall into the kitchen, striking and killing Temar.
Two detectives read appellant his Miranda rights before questioning him. Appellant agreed to answer a few questions about the incident without the presence of his attorney. He stated that he had a gun that night but denied drawing and firing it. He also described seeing another man go around and deliberately fire at Temar through a kitchen window. He then decided not to answer any more questions until counsel could be present. The detectives immediately stopped questioning him at that time. A short time later, they asked appellant if he would consent to a search of his bedroom. Nothing in the record indicates that appellant consented or that this search ever took place.
Appellant was indicted on one count of involuntary manslaughter in violation of R.C. 2903.04(B), with a firearm specification in violation of R.C. 2941.145. Appellant moved to suppress any statements he made to detectives on the basis that he had not voluntarily, knowingly, and intelligently waived his right to have counsel present. After conducting a hearing, the trial court denied the motion to suppress. At some point, appellant, through his trial counsel, turned in a stolen .38 caliber handgun which appellant alleged was the gun he had with him that evening. The bullets that killed Temar and all the bullets found at the scene were fired from a nine millimeter handgun, as described by the witnesses. Appellant ultimately pled no contest and was found guilty of involuntary manslaughter by the trial court and was sentenced.
Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellate counsel, pursuant to the guidelines established in Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel states that, after careful review of the record and legal research, she can discern no errors by the trial court prejudicial to the rights of the appellant which present issues meriting review. Counsel argues one potential error "that might arguably support the appeal." Anders, supra, at 744. Counsel further requests permission to withdraw as counsel for appellant on the basis that this case presents no issues meriting review. Counsel states that she has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has filed no brief on his own behalf.
We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights.
Upon consideration, we conclude that counsel's brief is consistent with the requirements set forth in Anders, supra andPenson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300. Counsel for appellant sets forth the following sole proposed assignment of error:
 "THE TRIAL COURT ERRED IN FINDING DEFENDANT'S MOTION TO SUPPRESS HIS STATEMENTS TO THE TOLEDO POLICE DEPARTMENT DETECTIVES INCLUDING HIS CONSENT TO SEARCH HIS HOME NOT WELL-TAKEN."
When determining a motion to suppress, a trial court becomes the trier of fact and is, therefore, in the best position to resolve questions of fact and to evaluate the credibility of witnesses. State v. Depew (1988), 38 Ohio St.3d 275, 277. An appellate court's function, therefore, is to review the record to determine whether substantial evidence exists to support the trial court's ruling. Maumee v. Johnson (1993), 90 Ohio App.3d 169,171.
A suspect's waiver of his right not to incriminate himself must be made voluntarily, knowingly, and intelligently.Miranda v. Arizona (1966), 384 U.S. 436. In determining whether the individual effected a valid waiver of his Miranda rights, the court must examine the "totality of the circumstances" surrounding the event. State v. Eley (1996), 77 Ohio St.3d 174, 178. Under this test, the court should consider: (1) the age, mentality, and prior criminal experience of the individual; (2) the length, intensity, and frequency of the interrogation; (3) the existence of physical deprivation or mistreatment; and (4) the existence of threat or inducement. See State v. Edwards (1976), 49 Ohio St.2d 31,40, vacated in part on other grounds (1978), 438 U.S. 911.
In this case, evidence was presented at the suppression hearing that appellant was over the age of eighteen and that when advised of his Miranda rights, he appeared to be alert and sober. According to the detective, appellant affirmatively responded that he knew how to read and write and that he understood his rights and the questions being asked. Appellant made a brief statement, and then asserted those rights, i.e. his right to have an attorney present before answering any other questions. The detectives then stopped questioning him.[1] Although trial counsel alleged that appellant has a learning disability which prevented him from knowingly and intelligently waiving his Miranda rights, no evidence was offered to substantiate this claim. In fact, other than counsel's bare allegations, nothing in the record suggests that appellant's waiver was not voluntarily, knowingly, and intelligently made. Therefore, we conclude that substantial evidence exists in support of the trial court's denial of appellant's motion to suppress.
Accordingly, appellant's proposed assignment of error is without merit.
Therefore, we conclude that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is granted.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.
[1] The detectives later allegedly asked appellant if he would consent to a search of his bedroom. Since this search apparently never took place, we can find no prejudice to appellant.