OPINION
At approximately 2:30 a.m. on March 23, 1998, Officers David Williamson and Mike Albright of the London Police Department were on duty in London, Ohio, each driving a marked police cruiser. Williamson was following a red Ford Escort on South Oak Street. Albright testified that he saw two individuals standing on the corner, attempting to waive him down. When he pulled over, the two individuals reported that they had just seen two drunk men get into a red Honda Civic and drive away. Albright informed Williamson to be on the lookout for a possible OMVI involving two male subjects in a red Honda Civic.
After receiving this tip, Albright turned onto South Oak Street immediately behind a Ford Escort and in front of William son's cruiser. At that point, Williamson observed a red Honda Civic traveling in a different direction. Albright continued following the Escort, and Williamson pulled into a parking lot to turn around and follow the red Civic, which was being driven by appellant. While he was turning around, Williamson observed the Civic turn onto South Oak Street and accelerate suddenly to approximately thirty-five to forty m.p.h. The marked speed limit was twenty-five m.p.h. Williamson then observed appellant slam on his brakes, causing the nose of the vehicle to go down sharply and the rear of the vehicle to rise up, indicating an abrupt stop. Williamson testified that appellant had to slam on his brakes be cause he almost crashed into the rear of Albright's cruiser.
At that point, Albright activated his lights to stop the red Escort, and Williamson activated his lights to stop appellant. Albright let the Escort leave after he determined that the driver was elderly and merely having difficulty driving due to his age. Williamson and Albright then approached appellant's vehicle. Both officers testified that when they approached appellant's vehicle, the passenger appeared to be completely passed out. When appellant rolled down his window, the officers detected a very strong odor of alcohol. The officers also testified that appellant's speech was heavily slurred, his eyes were glazed and bloodshot, and he seemed disoriented. The officers stated that when appellant was asked to exit the vehicle, he "poured himself out of the car," and had to hold on to the hood because he could not walk without having one hand on the car for balance.
Appellant became belligerent and refused to perform a field sobriety test. Appellant was arrested and placed in the back of Albright's cruiser, where he proceeded to yell profanities and attempted to kick out the rear windshield of the cruiser. Appellant was transported to the London Police Department and was charged with OMVI in violation of R.C. 4511.19(A)(1), following too closely in violation of London Codified Ordinance 432.09, reckless operation in violation of London Codified Ordinance 434.02(A), and driving without a seat belt in violation of London Codified Ordinance 438.30. Although Williamson observed appellant speeding, appellant was not charged on this violation because his speed was not confirmed by radar.
On May 26, 1998, appellant pled not guilty to all charges, and on June 24, 1998 he filed a motion to suppress. On July 28, 1998, the trial court overruled appellant's motion. On September 21, 1998, appellant pled no contest to OMVI; the remaining charges were dismissed. The trial court accepted appellant's no contest plea and found appellant guilty of OMVI. Appellant filed this appeal raising one assignment of error:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT-APPELLANT, IN OVERRULING THE MOTION TO SUPPRESS.
Under this assignment of error, appellant argues that the officer lacked probable cause to stop his vehicle. We note that, when ruling on a motion to suppress evidence, the trial court assumes the role of the trier of fact and is in the best position to evaluate witness credibility and weigh the evidence. State v.Heitzenrater (Dec. 7, 1998), Butler App. No. CA98-06-119, unreported, at 3, citing State v. Fanning (1982), 1 Ohio St.3d 19,20. An appellate court may not disturb the trial court's decision on a motion to suppress where the decision is supported by substantial evidence. Maumee v. Johnson (1993), 90 Ohio App.3d 169,171.
The Ohio Supreme Court has held as follows: "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid[.]" Dayton v.Erickson (1996), 76 Ohio St.3d 3, 11-12.
The stop of appellant's vehicle was constitutional because the officers had probable cause to believe that appellant had committed several traffic violations: speeding, following too closely, and reckless operation. We find that there was substantial evidence to support the trial court's decision. Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.