Defendant-appellant, Gretchen Babel, appeals the decision of the Mason Municipal Court denying her motion to suppress evidence, and her subsequent conviction for operating a motor vehicle under the influence of alcohol ("OMVI"). We affirm.
On September 2, 1998, at approximately 2:00 a.m., Deputy Scott Staverman of the Warren County Sheriff's Department was on traffic patrol in Deerfield Township. Staverman testified that he observed a vehicle, operated by appellant, proceeding northbound on Columbia Road, weaving within its marked lane. As appellant's vehicle approached Socialville-Foster Road, it veered across the center yellow line prior to making a left-hand turn from Columbia Road onto Socialville-Foster Road. As appellant made the turn, her vehicle swung wide and Staverman observed appellant's vehicle travel for fifty feet with both passenger-side tires approximately one foot off the right side of Socialville-Foster Road.
Staverman stopped appellant's vehicle. As he approached, Staverman detected a moderate odor of alcohol coming from the vehicle. Appellant admitted to Staverman that she had consumed three beers earlier that evening. Staverman administered four different field sobriety tests, and based upon appellant's poor performance, Staverman arrested appellant for operating a motor vehicle while under the influence of alcohol in violation of both R.C. 4511.19(A)(1) and 4511.19(A)(3). Staverman also charged appellant with failure to drive within her marked lane of traffic in violation of R.C. 4511.33(A).
Appellant filed a motion to suppress which was heard on November 3, 1998. The trial court overruled appellant's motion. Appellant pled no contest to the R.C. 4511.19(A)(1) charge, and the remaining charges were dismissed. The trial court found appellant guilty, and appellant filed this appeal raising the following assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
Under this sole assignment of error, appellant argues that Officer Staverman's stop of her vehicle was unconstitutional.
When ruling on a motion to suppress evidence, the trial court assumes the role of the trier of fact and is in the best position to evaluate witness credibility and weigh the evidence. State v.Heitzenrater (Dec. 7, 1998), Butler App. No. CA98-06-119, unreported, at 3, citing State v. Fanning (1982), 1 Ohio St.3d 19,20. An appellate court may not disturb the trial court's decision on a motion to suppress where the decision is supported by substantial evidence. Maumee v. Johnson (1993), 90 Ohio App.3d 169,171.
The Ohio Supreme Court has held: "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *." Dayton v.Erickson (1996), 76 Ohio St.3d 3, 11-12.
We find that the trial court's decision was supported by substantial, credible evidence. Under Erickson, the stop of appellant's vehicle was constitutional because Staverman had probable cause to believe that appellant had committed a traffic violation: failure to travel within her marked lane in violation of R.C. 4511.33(A). Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.