OPINION
Defendant-appellant, Donald L. King, appeals his conviction in the Clermont County Municipal Court, following a no-contest plea, for driving under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(3). In his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress. Specifically, appellant argues that the initial encounter between him and the arresting police officer was an improper traffic stop inasmuch as the officer did not have reasonable and articulable suspicion, based on an uncorroborated tip, to park his cruiser close to appellant's car and question appellant. For the reasons that follow, we affirm the trial court's decision.
The events precipitating appellant's arrest, as testified to by Deputy Sheriff Chris Stratton of the Clermont County Sheriff's Office, are as follows: On January 4, 1998, Officer Stratton received a dispatch "to alert any deputy or police officer in the area of State Route 132 north of State Route 125 to be on the lookout ["BOLO"] for a possible DUI [male] driver * * * operating a white pickup truck." As Officer Stratton was driving southbound on State Route 132 just north of Clough Pike, he observed a vehicle matching the description of the BOLO dispatch traveling northbound on State Route 132. Officer Stratton turned around, caught up with the pickup truck on Main Street in Batavia, Clermont County, Ohio, and followed it for about two-tenths of a mile. The officer observed no impaired driving.
Without any signal from Officer Stratton, the pickup truck entered the parking lot of a United Dairy Farmers store and parked in a parking spot facing the store. The officer, in turn, entered the parking lot and parked behind and perpendicular to the pickup truck. Asked if his patrol car blocked the pickup truck, Officer Stratton testified that "if [appellant] were to back out he could have struck my vehicle * * * [o]n the driver's side." The officer never turned on his overhead or emergency lights or his police siren. Appellant exited the pickup truck and approached the police cruiser. Officer Stratton observed that appellant was unsteady on his feet. Officer Stratton then exited his cruiser and a conversation ensued. During their conversation, the officer noticed an odor of alcoholic beverage about appellant's person and breath. The officer also observed that appellant's speech was slightly slurred and that his eyes were glassy and bloodshot. Appellant admitted having had one beer. At some point during the conversation, the officer advised appellant as to why he had turned his cruiser around and followed him.
The officer asked appellant to submit to a portable breath test; the results registered a concentration of .12 grams by weight of alcohol in appellant's breath. The officer then administered three field sobriety tests, the walk and turn test, the one leg stand, and the horizontal gaze nystagmus. Appellant failed all three tests, was placed under arrest for DUI, and was transported to the Ohio State Patrol where he was given a breathalyzer test. The results of the test revealed that appellant had a breath alcohol concentration of .112 grams per two hundred ten liters of breath. Appellant was eventually charged with DUI.
On April 14, 1998, appellant filed a motion to suppress. On May 19, 1998, a hearing was conducted on appellant's motion. By decision filed September 30, 1998, the trial court denied appellant's motion on the grounds that the initial contact between appellant and the officer was consensual, and that as a result, the officer "did not initiate a traffic stop or seizure * * *. * * * Since no investigative stop was initiated by the officer, it is not necessary * * * to determine whether reasonable and articulable suspicion of illegal activity was possessed by the arresting officer." By judgment entry filed October 15, 1998, the trial court found appellant guilty as charged and sentenced him accordingly. This appeal follows.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by substantial credible evidence. Maumee v. Johnson (1993), 90 Ohio App.3d 169,171. When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies upon the trial court's ability to assess the credibility of witnesses, and independently determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688,691.
It is well-established that the Fourth Amendment is not implicated in all personal encounters between police officers and citizens, and in particular in the case of a consensual encounter.Florida v. Bostick (1991), 501 U.S. 429, 434, 111 S.Ct. 2382,2386. "[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public space, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen * * *. * * * Nor would the fact that the officer identifies himself as a police officer, without more, convert the encounter into a seizure requiring some level of objective justification." Florida v. Royer (1983), 460 U.S. 491, 497,103 S.Ct. 1319, 1324. "An encounter which does not involve physical force or a show of authority is a consensual encounter that does not trigger Fourth Amendment scrutiny; therefore, an officer does not need reasonable suspicion merely to approach an individual in order to make reasonable inquiries of him." State v. Brock (June 1, 1998), Clermont App. No. CA97-09-077, unreported, at 7. Consensual encounters are judged according to the totality of the circumstances. See State v. Bobo (1988), 37 Ohio St.3d 177, certiorari denied (1988), 488 U.S. 910, 109 S.Ct. 264.
After reviewing the entire record, we find that the initial encounter between appellant and Officer Stratton was not a seizure or a traffic stop but rather a consensual encounter, and thus did not require reasonable suspicion.
The record shows that the officer followed appellant for two-tenths of a mile before appellant pulled in the parking lot. Nothing in the officer's following of appellant for two-tenths of a mile amounted to a show of authority that would have made a reasonable person feel as if she or he was compelled to pull over. The officer did not activate his lights or turn on his siren, nor did the officer signal appellant in any way to pull over. For all appellant knew, the officer could have just been heading in the same direction as he was. When the officer parked his car behind appellant's car, the officer did not turn on his lights or his siren. The officer did not order appellant from his car and did not approach appellant. Instead, appellant voluntarily and freely got out of the pick-up truck and approached the officer, who thereafter got out of his cruiser and engaged in a conversation with appellant. Based upon the totality of the circumstances, we find that all of the foregoing amounted to a consensual encounter. See State v. Osborne (Dec. 13, 1995), Montgomery App. No. CA 15151, unreported.
During their conversation, the officer observed that appellant had a slightly slurred speech and glassy and bloodshot eyes. Appellant admitted drinking one beer. This information provided the officer with the reasonable suspicion necessary to administer the field sobriety tests. State v. Smith (Oct. 16, 1995), Madison App. No. CA95-03-009, unreported, at 5. After appellant failed the field sobriety tests, the officer then had probable cause to arrest appellant for DUI. Id. at 6.
Accordingly, as none of appellant's rights were violated by the initial encounter, the subsequent investigatory detention, and the resulting arrest, the trial court properly denied appellant's motion to suppress. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.