OPINION
Defendant-appellant, Eugene H. Berry, appeals a decision of the Clermont County Court of Common Pleas denying his motion to suppress evidence.
At a hearing on the motion to suppress, Officer Bobby Lee Rose of the Miami Township Police Department testified as follows: In the evening of July 8, 1998, Officer Rose received a radio dispatch of a disturbance that had taken place on State Route 48 in Goshen Township, Ohio. The dispatch warned officers to be on the lookout ("BOLO") for a possible DUI (driving under the influence of alcohol) driver operating a "1990 Toyota, dark blue * * * [or] teal blue, two door, small sports car." Officer Rose proceeded "down Loveland-Miamiville to Paxton[.]" As the officer was driving eastbound on Paxton Road, approaching an intersection with State Route 48, he observed a vehicle matching the BOLO dispatch turning left onto Paxton Road from State Route 48. The officer observed that in the process of turning, the Toyota's right front and rear tires "went over the fog line nearly causing the vehicle to go into the ditch." The officer turned around and followed the Toyota for about two and one-half to three miles.
While following the Toyota on Paxton Road, the officer observed the vehicle ride the right fog line several times and weave within its lane of travel. The officer testified that while the vehicle never went past the fog line, it "ran over the top of the fog line on several different occasions." The officer described the vehicle's weaving course as follows: "Between him striking the fog line and running over top of it, he would come back into his lane, and then weave side to side, and then go a foot back over and run over top of the fog line, and then come back straight, and weave within his lane, without striking the center or right lanes, but there was a distinct back and forth." The officer testified that "[t]here was [sic] very few occasions where he actually was going in a straight path without going back and forth drifting within the lane." The officer also testified that the entire time he followed the vehicle, "every couple 50 yards maybe he would almost touch the line, and then every hundred yards he would run over top of the line." The officer testified that Paxton Road was not a narrow road.
At the intersection of Loveland-Miamiville Road and Branch Hill-Guinea Pike (Paxton Road turns into Loveland-Miamiville Road), the vehicle turned right on Branch Hill-Guinea Pike without signaling. At that point, the officer decided to stop the vehicle. The officer activated his emergency lights a quarter of a mile before the Miami Township North Fire Station on Guinea Pike, hoping the driver of the vehicle (later identified as appellant) would pull over there. However, appellant did not pull over at the fire station, but rather came to a complete stop in the middle of his lane at a stop sign twenty to thirty yards past the fire station. Appellant did not pull over to the right side of the road.
Upon approaching appellant, the officer noticed a mild odor of an alcoholic beverage about appellant's person, and observed that appellant's eyes were red and glassy and his speech was slurred and sloppy. Appellant initially denied having had anything to drink. Appellant eventually admitted having had one beer. Appellant was arrested after he failed to satisfactorily complete five field sobriety tests. Appellant was transported to the Miami Township Police Department where he tested .129 grams of alcohol per two hundred ten liters of breath.
On September 2, 1998, appellant was indicted on two counts of DUI in violation of R.C. 4511.19(A)(1) and 4511.19(A)(3) respectively. Both counts indicated that appellant had three or more prior DUI convictions. Appellant filed a motion to suppress on October 14, 1998. While the motion alleged three different grounds, appellant's trial counsel chose to focus only on the validity of the stop at the hearing on the motion. At the conclusion of the hearing, the trial court overruled, from the bench, that portion of the motion to suppress. The remainder of the motion was subsequently voluntarily withdrawn by appellant on December 11, 1998. Appellant subsequently entered a plea of no contest to the DUI charges and was found guilty. The trial court sentenced appellant to five years of community control, imposed a $1,000 fine, and permanently revoked his driving license. This timely appeal follows.
As his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress. Appellant contends that the officer did not have a reasonable and articulable suspicion, based upon an uncorroborated tip, to stop appellant.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by substantial credible evidence. Maumee v. Johnson (1993), 90 Ohio App.3d 169,171. When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies upon the trial court's ability to assess the credibility of witnesses, and independently determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688,691.
The Supreme Court of Ohio has determined that "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution * * *." Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus.
In the case at bar, the officer decided to stop appellant after he observed appellant's weaving course and failure to signal a turn. We need not determine whether appellant's weaving was a traffic violation under R.C. 4511.33, or whether it gave the officer a reasonable and articulable suspicion to believe appellant was driving under the influence of alcohol. The officer clearly had probable cause to stop appellant based on the traffic violation (failure to signal a turn in violation of R.C. 4511.39) which occurred in the officer's presence.
We therefore find that appellant's stop was reasonable and that the evidence obtained as a result was admissible. Accordingly, we hold that the trial court properly denied appellant's motion to suppress. Appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.