DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Municipal Court that found appellant guilty of driving with a prohibited blood alcohol concentration in violation of R.C. 4511.19(A)(3). For the reasons that follow, this court affirms the judgment of the trial court.
Pursuant to 6th Dist.Loc.App.R. 12(C), this court assigns this appeal to the accelerated calendar.
Appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE WHEN THE STATE FAILED TO PROVE THAT THE STOP OF THE VEHICLE WAS BASED ON REASONABLE AND ARTICULABLE SUSPICION."
On November 26, 1999, appellant was stopped by a Catawba Island Township police officer while driving along State Route 53. Appellant was cited for driving under the influence of alcohol in violation of R.C.4511.19(A)(1), driving with a prohibited blood alcohol concentration by breath in violation of R.C. 4511.19(A)(3) and failure to drive in marked lanes in violation of R.C. 4511.25. On March 3, 2000, appellant filed a motion to suppress challenging the validity of the initial stop of her car. A hearing was held on the motion, and on April 28, 2000, the trial court overruled the motion. On July 21, 2000, appellant entered a plea of no contest to the charge of operating with a prohibited blood alcohol concentration and the other charges were dismissed.
Appellant asserts on appeal that the officer who stopped her did not relate sufficient facts to establish a reasonable suspicion that she was violating any traffic laws. Appellant argues that the arresting officer testified only to insubstantial drifts across the center line and that, without other evidence of erratic driving, he did not demonstrate a reasonable suspicion of impaired driving.
In examining a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of the witnesses are functions of the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275. This court's function is to review the record to determine whether substantial evidence exists to support the ruling of the trial court. Maumee v. Johnson (1993),90 Ohio App.3d 169.
At the hearing on appellant's motion to suppress, the officer testified that as he followed appellant's car he observed her cross over the center line, a quarter width of her car, four separate times within one and one-half miles. The officer stated that on all four occasions both of the left side tires crossed the center line. The officer further stated that her tires were almost continually touching the center line as she drove.
On consideration of the testimony of the arresting officer, this court finds that there was substantial evidence to support the trial court's finding that the officer had a reasonable and articulable belief that appellant had committed a traffic violation, and that the trial court did not err by denying appellant's motion to suppress on that basis. SeeState v. Stuck (Oct. 29, 1999), Eric App. No. E-99-036, unreported. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________________ Peter M. Handwork, J.
 Mark L. Pietrykowski, P.J., Richard W. Knepper, J., CONCUR.