DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Maumee Municipal Court that denied appellant's motion to suppress the results of a breathalyzer test. Pursuant to 6th Dist.Loc.App.R. 12(C), this case is assigned to the accelerated calendar.
On March 15, 2002, appellant was charged in the Maumee Municipal Court with violating R.C. 4511.19(A)(1) and 4511.19(A)(3). On May 20, 2002, appellant filed a motion to suppress all evidence discovered by the arresting officer following the initial stop, and on June 4, 2002, a hearing was held on the motion. The arresting officer, Trooper Robert Ashenfelter, with the Ohio State Highway Patrol, was the only witness called.
 {¶ 2} Trooper Ashenfelter testified as to the events that took place on May 14, 2002, after he signaled appellant to pull over. Ashenfelter stated that he initiated the stop because he believed he saw an unrestrained child in the front of appellant's car. Prior to exiting his cruiser, the trooper activated the video and audio portions of the camera in his vehicle in order to record the stop. Upon walking up to the passenger side window of the car, Ashenfelter immediately realized that there was no child in the car, merely a coat with a hood sticking up resting on top of some other items on the front seat. The trooper was questioned several times as to exactly what transpired between the time he realized he was mistaken about there being a child in the car and when he asked appellant for his driver's license. Ashenfelter initially testified that as soon as he approached the car he asked appellant to roll down his window and that, while he was explaining why he had pulled appellant over, he smelled the odor of an alcoholic beverage from inside the car. The trooper testified as follows:
"Q. And as you approach the passenger side, what happened next?
 {¶ 3} "A. I asked him to roll down the window, asked that the window be rolled down. I clearly explained to him why I had pulled him over. As I'm doing this, just I'm — I'm — I'm getting a whiff at this point in time of an alcoholic beverage coming from with — inside the vehicle.
 {¶ 4} "I proceed to ask him for his driver's license, registration, proof of insurance and started talking with Mr. Hanley at that time."
 {¶ 5} Upon further questioning by the state, appellant offered the following testimony:
 {¶ 6} "Q. Prior to asking the defendant for his driver's license, did you detect an odor of alcoholic beverage?
 {¶ 7} "A. Right at the same time, at that point in time when I was about to ask him for it, it was — the whiff come through the car. Because his driver's window was down thinking I was coming to the driver's side, and then the passenger side and then the wind came right through and I was able to smell it at that point."
 {¶ 8} Under cross-examination, Trooper Ashenfelter stated that he noticed the odor at the same time he asked for the driver's license. The trooper testified as follows:
 {¶ 9} "Q. And you say it's your testimony that you smelled this alcoholic odor when you were asking for the driver's license?
 {¶ 10} "A. Just — just about the same time I'm going to ask him for it, I'm starting to smell it right in through there at that point. I'm asking him for his driver's license, I'm thinking where am I going to go from here with this.
"Q. Okay, and you remember what you said on the tape, I'd like your driver's license and then a quick check and I'll get you out of here?
 {¶ 11} "A. Correct.
 {¶ 12} "Q. So you didn't — a quick check of his driver's license is what you meant, right?
 {¶ 13} "A. Correct.
 {¶ 14} "Q. So you didn't actually — you didn't actually smell any alcohol at that point, did you?
 {¶ 15} "A. I did smell alcohol at that point. What I needed to do was open it up and investigate it further. I knew at this point in time I did not have a violation of a child restraint law, therefore, this is running through my mind, now what am I going to have to do procedurally and properly according to the law in order to evaluate this individual for an alcoholic beverage on his breath to see if he's impaired.
 {¶ 16} "Q. Okay, so while you're asking to check his license, you detect this alcohol odor and then you're trying to figure out how to proceed with the investigation?
 {¶ 17} "A. That would be correct, sir."
 {¶ 18} In examining a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of the witnesses are functions of the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275. This court's function is to review the record to determine whether substantial evidence exists to support the ruling of the trial court. Maumee v.Johnson (1993), 90 Ohio App.3d 169.
Appellant cites this court's decision in State v. Baumgartner (June 11, 1999), Lucas App. No. L-98-1282, in support of his assertion that Trooper Ashenfelter had no basis for asking to see appellant's license once he determined that his original reason for initiating the stop was erroneous. In Baumgartner, an officer stopped a vehicle for failure to display a license plate, but upon approaching the vehicle the officer saw a temporary tag in the rear window. After he provided a courtesy explanation for the stop, the officer requested license and registration. This court reversed the trial court's decision not to suppress the evidence obtained by the arresting officer, finding that the officer had failed to establish any indicia of alcohol before he requested the license and registration. In our decision, we reiterated that the state has the burden to show that the officer noticed indicia that the driver was under the influence of alcohol during the courtesy explanation of the stop. We stated: "If the officer noticed the indicia of appellant being under the influence of alcohol immediately, he would have new, articulable, reasonable suspicion that appellant was committing a crime that would justify the continued detention and investigation of appellant." Because we found that the officer's testimony in Baumgartner
had not established that he noticed any indicia that the driver was under the influence of alcohol before asking for a license and registration, we held that the state did not meet its burden and that the motion to suppress should have been granted.
 {¶ 19} This court has carefully reviewed the entire record of proceedings in the trial court, with particular attention given to the transcript of the hearing on the motion to suppress and state's Exhibit 1, the videotape of the stop. We find, in accordance with our analysis inBaumgartner, supra, that the evidence in this case supported a finding by the trial court that Trooper Ashenfelter noticed the indicia of appellant being under the influence of alcohol immediately, thereby providing "new, articulable, reasonable suspicion that appellant was committing a crime" sufficient to justify continued detention and investigation.
 {¶ 20} As to the videotape of the stop, appellant argues that it shows that Trooper Ashenfelter did not detect the odor of alcohol during his initial approach of appellant. We find, however, that the videotape does not support such a conclusion. Since the trooper did not comment audibly on his observations after approaching the car, the videotape provides no indication of exactly when he detected the odor of an alcoholic beverage coming from the car. The videotape shows Trooper Ashenfelter telling appellant that he pulled him over thinking that there was an unrestrained child in the front seat. The trooper then stated that obviously there was no violation so he just wanted to "do a quick check of your driver's license and get you out of here * * *." The videotape does not contradict the trooper's testimony that he detected the odor of an alcoholic beverage when he first began speaking to appellant.
 {¶ 21} The trial court, after hearing the trooper's testimony as set forth above and viewing the videotape, concluded that the state had met its burden of showing that the arresting officer formed a reasonable, articulable suspicion that appellant was under the influence of alcohol during the legally permissible courtesy explanation of the reason for the stop. We agree and find that there is substantial evidence in the record as set forth above to support the trial court's ruling. Accordingly, we find appellant's sole assignment of error not well-taken.
 {¶ 22} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Maumee Municipal Court is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L.Pietrykowski, J., CONCUR.