DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Bryan Municipal Court which denied appellant Theodore N. Hanna's motion to suppress evidence and found appellant guilty of driving while under the influence of alcohol, in violation of R.C.4511.19(A)(1), and driving with a suspended license, in violation of R.C. 4507.02(D). Appellant presents the following assignments of error:
 "I. APPELLANT'S OPERATION OF HIS MOTOR VEHICLE WAS IN COMPLIANCE WITH OHIO REVISED CODE SECTION 4503.21 WHEN THE APPELLANT HAD A LICENSE PLATE PROPERLY REGISTERED TO HIS VEHICLE LYING ON THE FRONT DASHBOARD WHICH WAS NOTICEABLE BY THE POLICE OFFICER AS THE TWO PASSED IN OPPOSITE DIRECTIONS.
 "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DECIDED THE ARRESTING OFFICER'S CONTINUED DETENTION OF THE APPELLANT WAS PERMISSIBLE EVEN AFTER THE OFFICER OBSERVED APPELLANT'S VALID FRONT LICENSE PLATE ON THE DASHBOARD OF THE VEHICLE."
When reviewing the grant or denial of a motion to suppress, this court has noted that:
 "An appellate court reviews whether substantial evidence supports a trial court's decision on a motion to suppress. Maumee v. Johnson (1993), 90 Ohio App.3d 169, 171, 628 N.E.2d 115. The trial court acts as the trier of fact and is in the best position to resolve questions of fact and determine witness credibility. State v. Johnston (1993), 85 Ohio App.3d 475, 477, 620 N.E.2d 128. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger
(1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726." State v. Jenkins (Mar. 31, 1998), Lucas App. No. L-97-1303, unreported.
Keeping this standard in mind, we now turn to the record in this case and the arguments presented by the parties.
The facts relied upon by trial court in denying appellant's motion to suppress were stipulated as follows. During the early morning hours of May 16, 1999, appellant was traveling eastbound on U.S. Highway 6 in Williams County, Ohio, when a Ohio State Highway Patrol Officer, traveling westbound, noticed that appellant did not have a license plate on his vehicle's front bumper. (The vehicle was not equipped with a front license plate bracket.) The trooper did notice a license plate on the dashboard of the vehicle on the passenger's side. The trooper was unable to read the license plate as the two vehicles passed.
The trooper stopped the vehicle for the sole purpose of failure to display a front license plate. As a result of the stop, appellant was arrested for driving under the influence of alcohol, driving under a license suspension and a seat belt violation.
On June 23, 1999, appellant filed a motion to suppress all of the evidence obtained as a result of the traffic stop, arguing that the trooper lacked a reasonable and articulable basis for initiating the stop. On September 7, 1999, the trial court denied appellant's motion citing R.C. 4503.21 and 1983 Ohio Atty.Gen.Ops. No. 83-102.[1]
In his first assignment of error, appellant argues that he was in compliance with R.C. 4503.21 when the trooper noticed the steel license plate lying on the front dashboard of his automobile.
R.C. 4503.21 provides in relevant part:
 "No person who is the owner or operator of a motor vehicle shall fail to display in plain view on the front and rear of the motor vehicle the distinctive number and registration mark, including any county identification sticker and any validation sticker issued under sections 4503.19 and 4503.19.1 [4503.19.1] of the Revised Code, furnished by the director of public safety, except that a manufacturer of motor vehicles or dealer therein, the holder of an in transit permit, and the owner or operator of a motorcycle, motorized bicycle, manufactured home, mobile home, trailer, or semitrailer shall display on the rear only. A motor vehicle that is issued two license plates shall display the validation sticker only on the rear license plate, * * * All license plates shall be securely fastened so as not to swing, and shall not be covered by any material that obstructs their visibility."
Appellant stresses that the statute does not define "front" of the vehicle or "plain view." Arguing that the statute does not require that the license plate be attached to the front bumper, he also points to the fact that temporary license placards are allowed to be placed in the rear window or external rear surface. While appellant's statements regarding the statute are factually accurate, they are not dispositive relative to the facts of this case and upon review of Ohio case law.
Ohio courts have upheld alleged violations of R.C.4503.21 under varying circumstances. In State v. Poole (June 7, 1995), Medina App. No. 2336-M, unreported, the appellant was initially stopped because she did not have a license plate displayed in full view in the front of her car. After the stop, the trooper saw the license plate lying on the passenger side of the dashboard, but proceeded to ask appellant for her license and registration. Id. at 3-4. The court stated that by having her front license plate lying on the dash of her car, she had violated R.C. 4503.21. Id. at 9-10.
Likewise, the Second Appellate District, in State v.Brown (Dec. 18, 1991), Clark App. No. 2817, determined that a temporary license placard, lying flat on the rear deck, was a violation of R.C. 4503.21 because it was not in "plain view" from the rear of the vehicle. The court stated that "the purpose of the statute is to require the license placard be visible from the rear of the car. It is was not in plain view, there was a violation of the law, * * *." Id. at 6. See State v. Eddy (Dec. 7, 1999), Ashland App. No. 99-COA-01316, unreported.
In State v. Warner (July 6, 1998), Highland App. No. 97 CA 943, unreported, a sheriff's deputy observed a vehicle with the proper rear license plate but could not read it because it was obscured by dirt. Only after the deputy pulled into a driveway behind appellee could he read the license plate number. Id. at 2. He was still unable to read the validation sticker. Id. Reversing the trial court, the appellate court found that the unreadable nature of the license plate and the validation sticker constituted a violation of R.C. 4503.21. Id. at 9.
In the instant case, the stipulated facts reveal that the trooper was unable to read appellant's front license plate as the two vehicles passed. The common sense definition of "plain view," as reflected in the above cited case law, contemplates actually being able to read the letters and numbers on the license plate. Thus, appellant was in violation of R.C. 4503.21. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment or error, appellant argues that the trial court committed reversible error when it determined that the continued detention of appellant was permissible after the trooper observed the license plate on the dashboard of the vehicle. Based upon our finding that appellant was in violation of R.C. 4503.21, the trooper had reason to doubt that appellant's automobile was properly registered or that he was driving under a license suspension. See Poole, supra; Brown,supra; Warner, supra. Therefore, the trooper, as part of a valid stop, was permitted to examine appellant's operator's license and registration. See Delaware v. Prouse (1979), 440 U.S. 648, 659. At some point during the stop, the trooper suspected that appellant was under the influence of alcohol and administered the sobriety tests which led to his arrest. Accordingly, we find that the trial court did not err when it determined that the stop was permissible after the trooper observed the license plate on the dashboard. Appellant's second assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Bryan Municipal Court is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
RESNICK, J., KNEPPER, P.J., PIETRYKOWSKI, J., CONCUR.
[1] The OAG opinion states that ownership of a motor vehicle which has been manufactured without a front license plate bracket is not an exception to the requirements of R.C. 4503.21.