DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Huron Municipal Court which denied a motion to suppress filed by appellant, James R. Wolfe. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "The trial court committed error in overruling the appellant's motion to suppress based on an improper investigatory stop."
The following facts are relevant to this appeal. At approximately 2:42 a.m. on December 5, 1998, a state highway patrol officer observed appellant driving his vehicle to the right-hand side of the roadway and driving on the white edge line for approximately three seconds. This officer then observed appellant veer over to the center dotted line and drive on it three separate times. The officer stopped appellant's car. Appellant was ultimately arrested for operating a motor vehicle while under the influence of alcohol and a marked lane violation.
After the trial court denied appellant's motion to suppress, appellant entered a no contest plea to the charge and was found guilty. Appellant filed a timely notice of appeal.
In his assignment of error, appellant argues that the police officer did not have specific and articulable facts to justify the investigatory stop. This court finds no merit in this assignment of error.
In order to conduct an investigative stop of a motor vehicle, a police officer must have articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse
(1979), 440 U.S. 648, 663; State v. Brandenburg (1987), 41 Ohio App.3d 109,110. "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." State v. Bobo (1988), 37 Ohio St.3d 177,178; State v. Freeman (1980), 64 Ohio St.2d 291, syllabus.
In justifying a particular intrusion, a police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. The facts must be judged against an objective standard of whether the facts available to the officer, at the time of the seizure or search, would warrant a man of reasonable caution in the belief that the action taken was appropriate. Terry v. Ohio (1968), 392 U.S. 1, 21-22.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by substantial credible evidence. Maumee v. Johnson (1993),90 Ohio App.3d 169, 171. A trial court serves as a trier of fact in a suppression hearing and must judge the credibility of the witnesses and the weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19, 20. In this case, the trial court found reasonable suspicion for the stop based upon the testimony of the trooper concerning appellant's driving on the white edge line and then veering over to the center dotted line and driving on it three separate times.
An officer's observation of a traffic violation or erratic driving justifies an investigative stop. See State v.Lowman (1992), 82 Ohio App.3d 831, 837; State v. Deichler (May 23, 1997), Erie App. No. E-96-091, unreported (driving left of center). The trooper observed appellant drive on the white edge line and then veer over to the center dotted line and drive on it three separate times. In State v. Pennington (June 30, 1999), Wood App. No. WD-98-086, unreported, this court held that "weaving, whether within or outside one's lane, is indicative of erratic driving which authorizes the police to stop a vehicle." (Citations omitted.)
This court finds that the trooper possessed the required reasonable suspicion to stop appellant. Because the trooper had reasonable suspicion to stop appellant, the trial court did not err by denying appellant's motion to suppress.
Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Huron Municipal Court is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ PETER M. HANDWORK, J.
MELVIN L. RESNICK, J., MARK L. PIETRYKOWSKI, J., CONCUR.